IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYBIL FISHER, § | | |
| Petitioner, § | | |
| § | | |
| v. § | Case No. 3:13-MC-085-K-BK | |
| § | | |
| UNITED STATES INTERNAL § | | |
| REVENUE SERVICE, et al., § | | |
| Respondents. § | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

On July 15, 2013, Petitioner initiated this fee-paid petition to quash IRS Third Party Summons. (Doc 1). Petitioner was responsible for serving the petition on Respondents. FED. R CIV. P. 4(c). However, as of the date of this recommendation, she has failed to do so.

On December 27, 2013, the Court warned Petitioner that failure to serve Respondents by January 9, 2014, would result in dismissal under Rule 4(m).[1] (Doc. 7). Because Petitioner has not complied with the Court's mandate or requested an extension of the time to do so, it is recommended that this case be dismissed without prejudice for want of prosecution.

**SO RECOMMENDED** on January 10, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] FED. R. CIV. P. 4(m) provides:
    If a defendant is not served within 120 days after the complaint is filed, the court -
    - on motion or on its own after notice to the plaintiff -- must dismiss the action
    without prejudice against that defendant or order that service be made within a
    specified time. But if the plaintiff shows good cause for the failure, the court must
    extend the time for service for an appropriate period.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE